Floyd H. Newmaker v. Commissioner.
Floyd H. Newmaker v. Commissioner
Docket No. 36450.
United States Tax Court
1953 Tax Ct. Memo LEXIS 347; 12 T.C.M. (CCH) 232; T.C.M. (RIA) 53071; March 6, 1953
*347 S. J. Lasser, C.P.A., for the petitioner. George C. Lea, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $1,053.90 in gift tax of the petitioner for 1949. The first issue for decision is whether a gift for a minor son was a gift of a future interest so that the petitioner would not be entitled to the $3,000 exclusion. The parties filed a stipulation of facts which provided that it would not prejudice the right of either party to introduce further evidence at the trial of the case "not inconsistent with the facts herein stipulated." The stipulation, including the exhibits, is adopted as the findings of fact. The petitioner filed a gift tax return for 1949 with the collector of internal revenue for the Twenty-third District of Pennsylvania. The petitioner at all times material hereto was president and principal stockholder of Phenix Furniture Company in Warren, Pennsylvania, (hereafter referred to as Phenix). Phenix was engaged in the manufacture of wood furniture. Its authorized stock consisted of 5,000 shares of common stock of which 140 shares were held as Treasury stock. John W. Newmaker, the *348 adult son of the petitioner, was vice-president and a director of the corporation. Benjamin F. Newmaker was a minor son of the petitioner. The stock certificate book of the company records the transfer of 200 shares of stock on January 12, 1948 from the petitioner to "John W. Newmaker in trust for Benjamin F. Newmaker" and a certificate for those shares was issued to "John W. Newmaker in trust for Benjamin F. Newmaker." The stock certificate book of the corporation records the transfer of 225 shares of stock on May 25, 1949 from the petitioner and Mary Newmaker to "Benjamin F. Newmaker, John W. Newmaker, trustee" and a certificate for those shares was made out to the name of Benjamin F. Newmaker individually, but the certificate was issued to John who retained possession of it. The petitioner filed a gift tax return for 1948 in which he reported a gift on January 12, 1948 of 200 shares of Phenix stock valued at $85 per share "To John W. Newmaker, Trustee for Benjamin F. Newmaker." He also reported on that return a gift of 200 shares of the stock to his son John. The petitioner filed a gift tax return for 1949 in which he reported a gift on May 25, 1949 of 225 shares of Phenix *349 stock at $85 per share "To John W. Newmaker, Trustee for Benjamin F. Newmaker." He also reported other gifts on that return, including a gift of 225 shares of the stock to his son John. A form entitled Donee's or Trustee's Information Return of Gifts for 1949 was filed by "John W. Newmaker, trustee for Benjamin F. Newmaker," showing the gift of 225 shares of stock. Paragraphs 7 and 8 of the stipulation are as follows: "7. Benjamin F. Newmaker, beneficiary of the trust to which reference was made in the gift tax returns filed by the petitioner for the calendar years 1948 and 1949, respectively (Exs. 2-B, 1-A), is the son of the petitioner and during each of said calendar years Benjamin F. Newmaker was a minor being under the age of 21 years. "8. There was no written trust instrument or document of any kind given to John W. Newmaker by the petitioner to evidence said trust and there were no trust books or records kept by John W. Newmaker pertaining to said trust other than a check book which related to a separate bank account which was opened by John W. Newmaker as trustee for B. F. Newmaker at the Warren National Bank, Warren, Pennsylvania." A letter dated April 5, 1950, written *350 by the petitioner to the Commissioner of Internal Revenue, is described in the stipulation as "explanatory of the gifts in trust made to Benjamin F. Newmaker reported in the petitioner's 1948 and 1949 gift tax returns." The letter was in part as follows: "(1) The gift in trust to Benjamin F. Newmaker was not made by means of a formal written trust instrument. Since the beneficiary, Benjamin F. Newmaker, a student, is under 21 years of age, the gift was made as an oral trust to John W. Newmaker, as trustee. The purpose of placing the gift in trust was simply to make sure that it would be properly handled during the beneficiary's minority. As soon as Benjamin F. Newmaker reaches the age of 21 years, the trust will terminate and the legal title will vest in him. "(2) The date of birth of the primary beneficiary, Benjamin F. Newmaker, is May 3, 1931." The corporation paid a dividend of $4 per share in 1948 and one of $3 per share in 1949. John W. Newmaker, as trustee for Benjamin F. Newmaker, filed an individual tax return on Form 1040 for each of those years reporting those dividends. He never filed any fiduciary income tax returns on Form 1041. John, at the time of the hearing, *351 still held the two certificates for 425 shares of stock held by him for the benefit of his brother Benjamin. John, as trustee for his brother, deposited in the bank account the two dividends which he received on the stock in controversy. He alone could draw checks on that account. The stipulation shows that he drew five checks on the account: one in 1948 for $21 to James E. Richards for dental work; one on March 14, 1949 for $30.20 to the Collector of Internal Revenue for 1948 income tax; one on September 16, 1949 for $500 to B. F. Newmaker for Ben's school expense and another on the same date for $50 to cash for the same purpose; and the fifth check, dated December 15, 1949, for $445 to F. H. Newmaker for amounts paid by him to the University of Michigan. The checks left a balance of $1,046.20 in the account but the record does not show how it was used except that eventually it was paid to or used for Ben. Ben resided with his father. The joint income of the petitioner and his wife was in excess of $41,000 for each of the years 1948 and 1949. The petitioner told his son Benjamin of the transfers of the stock. The Commissioner, in determining the deficiency, "held that no exclusion *352 is allowable in connection with the gift in trust, inasmuch as it appears that the beneficiary did not receive the unrestricted right to the immediate use, possession or enjoyment of the trust income or corpus." The principal argument of counsel for the petitioner is that no trust was created and John was merely a custodian. That argument is contrary to and inconsistent with the stipulation of facts wherein it is stated unequivocally that there was a trust and John was trustee. Counsel for the petitioner signed that stipulation and is bound by it. The stipulated facts indicate that John was to hold the certificates as trustee and in trust for Ben until the latter became 21 years of age. Therefore, there was no present gift of the corpus of the trust either in 1948 or 1949. Andrew Geller, 9 T.C. 484, 494. The stipulation does not indicate what John was to do with the income of the trust. The petitioner gave him no instructions whatsoever and John testified that the dividends which he received on the stock were held by him at all times, subject to the demands and wishes of Ben; the checks which he issued were at the request of Ben and for the benefit of Ben; and he *353 would have paid to Ben all of the additional funds which he had in the bank account if Ben had but asked him for them. That testimony is not inconsistent with the stipulation. It is hereby found as a fact that the dividends from the stock were at all times available to Ben and he had the right at all times presently to use, possess or enjoy the dividends from the stock. Those gifts were not limited to commence in use, possession or enjoyment, so far as the income was concerned, at some future date. Thus, both the 1948 and 1949 gifts of income were "other than gifts of future interests in property" within the meaning of section 1003 (b) (3). An exclusion would be proper of the value of each gift of income or of $3,000 each, whichever was less. However, the evidence does not justify a finding as to the value of the gift of income at the date of either gift. Cf. Andrew Geller, supra. The dividend policy of the corporation is not shown except for the 1948 and 1949 dividends on the stock. It is not shown that there was any reason to anticipate any one of those dividends prior to the time they were declared. It does not appear that the gifts of income had any value at the time *354 the gifts were made. The petitioner has not overcome the presumption of correctness attaching to the determination of the Commissioner that no exclusions were proper. The above conclusion obviates the necessity of a decision on a second issue raised by the petitioner under which it contends that $2,000 of the specific exemption was available to offset the 1949 gift. Decision will be entered for the respondent.